AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Please see attachment

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
NOV 28 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ AMER SINAN ALHAGGAGI

**DISTRICT COURT NUMBER**
4-16-71531

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form
Brian J. Stretch
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) S. Waqar Hasib

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## AMER SINAN ALHAGGAGI

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft | 2 mandatory years in prison<br>3 years supervised released<br>$200,000 fine<br>$100 special assessment |

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| AMER SINAN ALHAGGAGI | ) Case No. |
|  | ) |
|  | ) 4-16-71531 |
| Defendant(s) | ) |

FILED
NOV 28 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____August 1, 2016_____ in the county of _____Alameda_____ in the
_____Northern_____ District of _____California_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1028A(a)(1) | Aggravated identity theft. |

This criminal complaint is based on these facts:

Please see attached affidavit of Special Agent Matthew S. Kotowski.

☑ Continued on the attached sheet.

Approved as to Form:
_____
S. Waqar Hasib

_____
Complainant's signature

Matthew S. Kotowski, FBI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 11/28/16

_____
Judge's signature

City and state: Oakland, California

Donna M. Ryu, U.S. Magistrate Judge
Printed name and title



**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CRIMINAL COMPLAINT**

I, Matthew S. Kotowski, having first been duly sworn, depose and state the following:

**INTRODUCTION**

1. I make this affidavit in support of a complaint and arrest warrant for Amer Sinan ALHAGGAGI for violating 18 U.S.C. § 1028A, aggravated identity theft, on or about August 1, 2016, in the Northern District of California.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI). I am an "investigative or law enforcement officer of the United States," within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code.

3. I have been a Special Agent of the FBI since December 2009. My initial training consisted of a 21-week FBI new Agents' class during which I received instruction on the various aspects of federal investigations including counterterrorism cases. Since reporting to the San Francisco Division in May of 2010, I have worked international terrorism matters as a member of the East Bay Joint Terrorism Task Force (JTTF). I have received additional training on terrorist ideologies and the conduct of terrorism investigations. As an FBI agent, I have been the case agent for, or participated in, numerous investigations, including criminal and international counterterrorism investigations, including participating in a complex terrorism investigation of a Homegrown Violent Extremist (HVE) that resulted in the successful prosecution of the subject for attempted use of a weapon of mass destruction (WMD). I am currently assigned to the San Francisco Division, Oakland Resident Agency. Prior to becoming a Special Agent, I was an officer in the U.S. Army where I deployed overseas multiple times to Iraq and worked terrorism matters, among others.

4. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

1

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Statements of individuals are set forth as summaries unless otherwise indicated. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Amer Sinan ALHAGGAGI has committed the offense of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

## LEGAL BACKGROUND

7. Under 18 U.S.C. § 1028A, "[w]hoever, during and in relation to any felony violation enumerated in subsection (c) [including use of an unauthorized access device, under 18 U.S.C. § 1029(a)(2)], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" has committed the offense of aggravated identity theft.

8. 18 U.S.C. § 1028(d)(7) defines a "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any... access device (as defined in Section 1029)(e))." 18 U.S.C. § 1029(e), in turn, defines an "access device" as "any card, plate, code, account number ... or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds... ." An "unauthorized access device" is an access device that is "lost, stolen, expired, revoked, canceled, or obtained with intent to defraud."

9. Under 18 U.S.C. § 1029(a)(2), whoever "knowingly and with intent to defraud traffics in or uses one or more counterfeit access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period" has committed the offense of unauthorized use of an access device.

2

## FACTUAL BACKGROUND

10. On August 1, 2016, FBI agents were conducting surveillance in the vicinity of the 10th Street in Oakland, California. Agents observed an individual known to them as Amer ALHAGGAGI emerge from a residence located on 10th Street. Agents knew that individual to be ALHAGGAGI in part because they were already familiar with ALHAGGAGI's appearance from his driver's license photograph. Agents observed ALHAGGAGI leave the residence and approach a UPS truck that was parked further down the same street, on the same block, but in front of a different address (herein, False Address #1).

11. Agents observed ALHAGGAGI return from the UPS truck carrying a large box. ALHAGGAGI emptied the contents of the box into the trunk of a vehicle. Agents observed that the large box appeared to contain clothes, backpacks or rucksacks, and another small box. Agents then observed ALHAGGAGI discard the large box.

12. Agents subsequently retrieved the large box from where ALHAGGAGI discarded it. The box appeared to have been sent by an entity called Trunk Club, from Chicago, Illinois, and was addressed to "Noran Castello," at False Address #1, with 510-xxx-2211 listed as a contact number. Agents have conducted record checks for "Noran Castello" and believe that it is a false name. Agents have also conducted records checks on False Address #1, and believe that while the address itself exists, no one with the name Noran Costello is associated with it. Based on the same records checks, agents believe that ALHAGGAGI is not associated with False Address #1 either. Agents have also determined that the telephone number 510-xxx-2211 is subscribed to an individual other than ALHAGGAGI, at an address in Richmond, California. At this time, agents are unaware of any connection between ALHAGGAGI and the subscriber of the 510-xxx-2211 number, or the subscriber's Richmond address.

13. Agents subsequently learned that Trunk Club, the entity that sent the package described above, is an online shopping service. As part of the service, an online shopper selects items for the customer based on the customer's indicated style preferences; the shopper then sends the selected items to the customer as a "trunk" for an initial try-on period, charging the

3

customer only for a limited "styling fee"; the customer then tries the clothes, keeps those that he or she desires to purchase, and returns the rest to Trunk Club, at which point Trunk Club charges the customer's account for all clothes ultimately purchased. Agents contacted Trunk Club and learned that an online member profile was created at their company on July 22, 2016, in the name of Noran Castello, using Visa debit card number XXXX-XXXX-XXXX-8275. The shipping address associated with the account was False Address #1. Only one order had been made under the account, which was delivered to False Address #1 on August 1, 2016, consistent with the observations of agents described above. The value of the clothes shipped was $4,932.

14. Agents then contacted Wells Fargo Bank, the issuer of the debit card number described above that was used to make the purchase from Trunk Club. Agents learned that the debit card was issued to an individual other than ALHAGGAGI [herein Real Individual #1], with a mailing address in Berkeley, California [herein Real Address #1]. The name "Noran Castello" appears to be a masculinized, misspelled variation of Real Individual #1's name. Additional documents from Wells Fargo indicate that in order to open an account, Real Individual #1 provided Wells Fargo with a driver's license number. Agents have obtained a copy of that driver's license from the California Department of Motor Vehicles; the license is in the name of Real Individual # 1, at Real Address # 1. The photograph on the license appears to depict a female individual. As discussed above, ALHAGGAGI is male.

15. The records from Wells Fargo Bank further indicate that on August 2, 2016, Real Individual #1 contacted Wells Fargo on August 2, 2016, to dispute the $50 charge from Trunk Club on Real Individual #1's debit card ending in 8275 as fraudulent; Wells Fargo ultimately credited Real Individual #1's account for the $50.

16. Agents received additional information from Trunk Club that Trunk Club was unable to charge the debit card number XXXX-XXXX-XXXX-8275 for the full value of the clothes that were shipped, $4,932. As a result, Trunk Club wrote the transaction off as a loss in its entirety.

4

## CONCLUSION

17. Based on the above facts, and based on my training and experience, I believe that there is probable cause that on or about August 1, 2016, ALHAGGAGI committed the offense of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

_____
MATTHEW S. KOTOWSKI
Special Agent, Federal Bureau of Investigation

Sworn to and subscribed before me this 28th day of November, 2016

_____
HON. DONNA M. RYU
United States Magistrate Judge

5