Pages 1 - 9

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE CHARLES R. BREYER

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
   vs.                         )  No. CR 17-0387 CRB
                               )
AMER SINAN ALHAGGAGI,          )
                               )  San Francisco, California
          Defendant.           )  Wednesday
                               )  August 30, 2017
_____)  1:30 p.m.

                 **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff**:         BRIAN STRETCH
                           United States Attorney
                           450 Golden Gate Avenue
                           San Francisco, California  94102
                     BY:   **S. WAQAR HASIB**
                           **ASSISTANT UNITED STATES ATTORNEY**



**For Defendant:**         SWANSON & McNAMARA
                           300 Montgomery Street
                           Suite 1100
                           San Francisco, California 94104
                     BY:   **MARY McNAMARA, ESQ.**
                           **AUGUST GUGELMANN, ESQ.**




*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
                 *Official Reporter - US District Court*
                 *Computerized Transcription By Eclipse*

           *Debra L. Pas, CSR, RPR, RMR, CRR*
   *Official Reporter - U.S. District Court - San Francisco*
                     *(415) 431-1477*

```
 1  Wednesday - August 30, 2017                           1:35 p.m.
 2                        P R O C E E D I N G S
 3                             ---oOo---
 4       (Defendant present, in custody.)
 5           THE CLERK:  Calling Criminal Action CR 17-0387, USA
 6  versus Amer Sinan Alhaggagi.
 7           MR. HASIB:  Good afternoon, your Honor.  Waqar Hasib
 8  for the United States.
 9           MS. McNAMARA:  Good afternoon, your Honor.  Mary
10  McNamara and August Gugelmann on behalf of Mr. Alhaggagi, who
11  is before the Court in custody.
12           THE COURT:  What's up?
13           MR. HASIB:  Well, your Honor, this is the initial
14  appearance before this Court.  We have appeared before the
15  magistrate on an arraignment.
16       Counsel and I met-and-conferred today and discussed some
17  matters that we thought would be good to bring to the Court's
18  attention now, this being the initial status conference.  Those
19  issues -- and I'll hit them in order.
20       Number one, we would like to give the Court a sense of
21  where we are at with respect to discovery.
22       Number two, I would like to at least bring to the Court's
23  attention some issues relating to classified information that
24  may come up in this case.
25       Number three, I'd like to discuss the speedy trial
```

1  implications at this point.
2      And number four, there is a protective order in this case.
3  We would just like to address a couple of issues relating to
4  that.
5      **THE COURT:**  Before we go there, the case is
6  originally assigned to Judge Tigar?
7      **MR. HASIB:**  It was originally assigned to Judge
8  Tigar, your Honor.  This case was originally charged as a
9  complaint in Oakland.  It was charged as an identity theft case
10 in Oakland, and the Defendant was arrested and brought into
11 court in November of last year, appeared before Judge Westmore
12 and Judge Ryu.  It remained as a complaint until we indicted
13 the case a few weeks ago here in San Francisco.
14     When we indicted it, we charged it as a San Francisco
15 case.  However, and I will readily admit, it was the
16 Government's error on the cover sheet.  We left the Oakland
17 courthouse marked.  So when the indictment came down, it was
18 referred by the Clerk to the Oakland courthouse, but we moved
19 to transfer venue here.
20     **THE COURT:**  All right.
21     **MR. HASIB:**  So let me hit those four issues that I
22 discussed.  And, of course, if there are any other issues that
23 the Court wants to -- wants the parties to address, I would be
24 happy to address those.
25     Let me just say at the outset, the Government has enjoyed

1  a very collaborative and cooperative relationship with defense
2  counsel so far and I have every hope that will continue.
3      Number one, discovery, as I mentioned this case was
4  originally charged back in November as an identity theft case.
5  We actually turned over significant discovery relating to the
6  current pending charges relating to terrorism while just the
7  identity theft case was pending.  We turned over, for instance,
8  all recordings that the Defendant made to an undercover agent
9  relating to possible terrorism-related offenses.  We have not
10 turned over transcripts related to those recordings as yet, but
11 I expect we will be able to do that in short order.
12     We've also turned over electronic communications that the
13 Defendant had online with a confidential source relating to,
14 again, terrorism-related matters.  I expect to turn over
15 additional online communications that the Defendant had very
16 shortly.
17     We also turned over the digital downloads of two cell
18 phones that the -- that we believe belong to the Defendant.
19 Those cell phones contained many, many, many, many pages of
20 chat room conversations that we expect will be relevant to the
21 material support charge in the indictment.
22     Many of those conversations occurred in Arabic.  I've
23 turned over some verbatim translations that have been done by
24 the FBI of those chat room conversations.  There are a lot more
25 that still have to be translated.  I can report to the Court

1   that I've -- I'm arranging for those to be outsourced to a
2   contract linguist.  It will take approximately two to three
3   months to have the remaining chat room conversations in Arabic
4   translated.
5       I also have not yet turned over, but I'm prepared to do
6   so, I'm prepared to turn over Grand Jury materials, if this
7   Court will authorize me to do so, pursuant to Rule 6(e).  I can
8   either submit a written motion or I can simply move here orally
9   for the Court to authorize me to produce that.  It will be
10  subpoena returns and things of that nature.
11      And then finally, I have many 302s, some of which have
12  been declassified and I've already turned over.  Additional
13  ones I expect to turn over in short order, which I mentioned
14  that they were declassified.
15      Which brings me to my second point, which is that this
16  case will very likely involve issues relating to classified
17  information.
18      So I expect to invoke Title 18, Appendix 3 -- that's the
19  Classified Information Procedures Act -- at some point in this
20  case.  Today I'm going to ask the Court to set a CIPA status
21  conference, which is one of the things that CIPA allows for.
22  It allows any party to set a pretrial -- or ask for a pretrial
23  conference to essentially discuss CIPA matters that may arise.
24      Now, I know your Honor is familiar with CIPA because I've
25  actually engaged with the Court before on CIPA-related issues.

1  So at any rate, I would like to ask for a CIPA status
2  conference approximately six weeks out from today.  I'm advised
3  that October 17th at 1:30 is available for the Court.  That's
4  convenient for the parties.  So if that works for the Court, I
5  would like the Court to schedule that status conference.
6            **THE COURT:**  So scheduled.
7            **MR. HASIB:**  The third issue I said I would mention
8  would be issues relating to the speedy trial, Speedy Trial Act.
9  Because I expect to invoke CIPA in this case and because I
10 expect there may be some CIPA litigation involved, that process
11 can take some time.
12      As the Court may or may not be aware things have to be
13 coordinated with many, many Government agencies in Washington
14 to make sure that everyone is on board with whatever we end up
15 filing.  That can take some time.
16      So I'm going to ask the Court to designate this case as
17 complex for purposes of the Speedy Trial Act, at least for the
18 time being.  Once the CIPA issues are resolved, I think at that
19 point we can revisit whether it's necessary to have it
20 designated as complex, but while the CIPA issue is still
21 hanging out there, I think it makes sense.  And I would be
22 happy to file a written motion to this effect, but I believe
23 there is --
24           **THE COURT:**  No objection?
25           **MS.McNAMARA:**  No objection, your Honor.

1        **THE COURT:**  Okay.  It's so designated.

2        **MR. HASIB:**  Related to the speedy trial, and this may

3   seem somewhat incongruous of me to bring it up, but I'd like to

4   ask the Court to set a trial date.  And the reason that I'd

5   like to do that is in part because I'm invoking CIPA.  And the

6   potential danger here is that CIPA litigation can conceivably

7   go on for a long time.  I'm experiencing this right now in

8   another case before Judge Orrick in the *United States versus*

9   *Adam Shafi* case.

10       I believe that if there is a trial date set, even if it's

11  sometime in the future, frankly my interest here is being able

12  to go to the Government agencies that I have to coordinate with

13  for discovery issues and say look:  The Court has set a trial

14  date.  I need X, Y, Z done six months before that date.

15       So what I've discussed with counsel and what I've

16  discussed with the Clerk of the Court briefly is setting a

17  trial date for October 1st of 2018, which I think gives us

18  plenty of time to resolve the CIPA issues.  Once the CIPA

19  issues are resolved, we can do that.

20       **MS. McNAMARA:**  Thank you, your Honor.

21       **MR. HASIB:**  Then last, but not least, there is a

22  protective order governing discovery disclosures in this case.

23  I'll actually defer to counsel if she wants to address any

24  particular matters relating to that.  But essentially we are

25  negotiating perhaps amending that, and I bring that to the

1  Court's attention with the additional terms.
2          **THE COURT:**  Returning for a moment total 6(e), just
3  give me an order and I'll sign it.  We should memorialize it in
4  a written order.
5          **MR. HASIB:**  We will do so, your Honor.
6          **THE COURT:**  Any issues on the protective order?
7          **MS.McNAMARA:**  No -- well, there are, but I think we
8  won't take the Court's time with them.  We will work those out
9  bilaterally and come back to the Court only as necessary.
10      May I just make one comment to the case?  I want to echo
11  AUSA Hasib's comment about our good relationship.  We've tried
12  very hard here to work out whatever disputes we have before we
13  came to the Court.  And in the spirit of that, we are open to
14  setting the October trial date with a caveat that we haven't
15  gotten all the discovery yet, but we'll make of effort to meet
16  it.
17      We do think this is a case that is will be contested to
18  trial, your Honor.  The material support charge is, if not
19  unique, it's very unusual.  It's charged as an attempt.  And it
20  relies on the alleged opening by Mr. Alhaggagi of a handful of
21  social media accounts.  That's it.  That's the basis of the
22  material support.
23       There are other allegations regarding Mr. Alhaggagi's
24  conduct that have gotten significant press attention, but they
25  are not charged as material support, not chargeable as material

```
1   support.
2         So it is a very unusual case, and I think it will
3   implicate issues of law and I think it will be an interesting
4   case to try.
5              MR. HASIB:  Certainly don't dispute that, your Honor.
6              THE COURT:  Thank you.
7              MS. McNAMARA:  Thank you, your Honor.
8              MR. HASIB:  Thank you, your Honor.
9         (Proceedings adjourned.)
```

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*
*(415) 431-1477*

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Monday, June 4, 2018