**Pages 1 - 19**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>          Plaintiff,        )<br>                             )<br>  VS.                        )<br>                             )<br> AMER SINAN ALHAGGAGI,       )<br>                             )<br>          Defendant.         )<br>_____) | **No. CR 17-0387 CRB**<br><br><br><br>San Francisco, California<br>Wednesday, July 18, 2018 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:          BRIAN J. STRETCH
                        United States Attorney
                        450 Golden Gate Avenue
                        San Francisco, California 94102
                   **BY: S. WAQAR HASIB, AUSA**

For Defendant:
                        SWANSON & McNAMARA
                        300 Montgomery Street, Suite 1100
                        San Francisco, California 94104
                   **BY: MARY McNAMARA, ESQ.**
                   **AUGUST GUGELMANN, ESQ.**

Reported By:  Katherine Powell Sullivan, CSR No. 5812, RMR, CRR
              Official Reporter

| | |
|---|---|
| 1 | **Wednesday - July 18, 2018**                                      **2:16 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:**  Calling criminal action CR 17-0387, USA |
| 5 | versus Amer Sinan Alhaggagi. |
| 6 | **MR. HASIB:**  Good afternoon, Your Honor.  Waqar Hasib |
| 7 | for the United States. |
| 8 | **MS. McNAMARA:**  And Good afternoon, Your Honor.  Mary |
| 9 | McNamara and August Gugelmann for Mr. Alhaggagi, who is present |
| 10 | before the Court, in custody. |
| 11 | **THE COURT:**  Good afternoon. |
| 12 | So my understanding is that the defendant wishes to change |
| 13 | his plea? |
| 14 | **MS. McNAMARA:**  That's correct, Your Honor. |
| 15 | **THE COURT:**  I have received an application for |
| 16 | permission to enter a plea of guilty.  I am prepared to |
| 17 | proceed. |
| 18 | **MS. McNAMARA:**  Thank you, Your Honor. |
| 19 | **THE COURT:**  Would you administer the oath to the |
| 20 | defendant. |
| 21 | **THE CLERK:**  Please raise your right hand. |
| 22 | (Defendant sworn.) |
| 23 | **THE CLERK:**  Thank you. |
| 24 | **MS. McNAMARA:**  Your Honor, may I say a word about the |
| 25 | nature of what we're about to do today? |

1           **THE COURT:**  Certainly.
2           **MS. McNAMARA:**  Thank you.
3       As the Court will see, we have a packed audience.  And I
4  would just like to acknowledge the presence here of
5  Mr. Alhaggagi's entire family, his mother, his father, his
6  sisters, his brother and a very significant portion of the
7  Yemeni community.  I think some of them are still standing
8  outside.
9       This is an unusual proceeding insofar as Mr. Alhaggagi has
10 not accepted a plea bargain, a written plea bargain from the
11 government but, rather, is going to plead entirely open and
12 accept full responsibility for his conduct and all of the
13 charges in the indictment.  The most serious, of course, by
14 far, being the attempt to provide material support to a foreign
15 terrorist organization, namely ISIS.
16      There are three credit-card-related charges which are
17 minor in the scheme of things that follow.  It's
18 Mr. Alhaggagi's intention to plead open to all.
19      We have provided to the Court, as the Court has seen, an
20 application for permission to enter a guilty plea.  Contained
21 in this document is a two-and-a-half-page -- I'm sorry,
22 three-and-a-half-page factual elocution which concentrates
23 mainly on the attempt to provide material support charge and
24 lays out in significant detail, given that this is an open
25 plea, what Mr. Alhaggagi has done, and the full context of it.

1    So Mr. Alhaggagi has now signed that application in open
2 court.  I have signed it.  And after the Court goes through its
3 colloquy with Mr. Alhaggagi, we will make some requests here,
4 which I think the Court -- the government, I should say, has
5 agreed to in terms of suggestion to the Court for how to handle
6 this unusual case at sentencing.
7         **THE COURT:**  Okay.  Fine.  Would you administer the
8 oath to Mr. Alhaggagi?
9         **THE CLERK:**  We did, Judge.
10        **THE COURT:**  We did already?
11        **THE CLERK:**  Yes.
12        **THE COURT:**  So I have some questions to ask you, sir,
13 in connection with your plea.  And it's required that you
14 answer the questions truthfully.  Do you understand that?
15        **THE DEFENDANT:**  Yes, Your Honor.
16        **THE COURT:**  What is your full name?
17        **THE DEFENDANT:**  Amer Sinan Alhaggagi.
18        **THE COURT:**  When were you born?
19        **THE DEFENDANT:**  July 6, 1995.
20        **THE COURT:**  How old are you, sir?
21        **THE DEFENDANT:**  23 years old.
22        **THE COURT:**  How far did you go in school?
23        **THE DEFENDANT:**  High school and some college.
24        **THE COURT:**  Have you been treated recently for any
25 mental illness or addiction to narcotic drugs of any kind?

```
 1              THE DEFENDANT:  No, Your Honor.
 2              THE COURT:  Are you currently under the influence of
 3   any drug, medication, or alcoholic beverage of any kind?
 4              THE DEFENDANT:  No, Your Honor.
 5              THE COURT:  Have you received a copy of the charges
 6   pending against you?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Have you had an opportunity to discuss
 9   those charges and your case with your attorney?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Are you fully satisfied with the
12   representation given to you in this case by your attorney?
13              THE DEFENDANT:  Yes, Your Honor.
14              THE COURT:  There is no plea agreement in this case;
15   is that correct?
16              THE DEFENDANT:  Correct.
17              MR. HASIB:  That's correct, Your Honor.
18              THE COURT:  Okay.  Do you understand that the Court is
19   not required to follow any recommendation by the government?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Or your attorney?
22              THE DEFENDANT:  Yes.
23              THE COURT:  And the Court is not required to permit
24   you to withdraw your guilty plea, and may impose a sentence
25   more severe than you anticipate.  Do you understand that?
```

1     **THE DEFENDANT:**  Yes.
2     **THE COURT:**  Has anyone attempted in any way to force
3 you to plead guilty or otherwise threatened you?
4     **THE DEFENDANT:**  No.
5     **THE COURT:**  Has anyone made any promises or assurances
6 of any kind to get you to plead guilty?
7     **THE DEFENDANT:**  No.
8     **THE COURT:**  Are you pleading guilty of your own free
9 will because you are guilty?
10     **THE DEFENDANT:**  Yes, Your Honor.
11     **THE COURT:**  Are you a citizen of the United States?
12     **THE DEFENDANT:**  I am.
13     **THE COURT:**  What are the possible statutory penalties
14 for these offenses?
15     **MR. HASIB:**  Your Honor, there are four counts in the
16 indictment.  My understanding is that Mr. Alhaggagi is going to
17 plead guilty to all four of them.  They are as follows:
18     Count One alleges attempting to provide material support
19 or resources to a designated foreign terrorist organization in
20 violation of 18 U.S.C. Section 2339B.  The possible
21 consequences for that offense are up to 20 years in prison;
22 lifetime on supervised release; a $250,000 fine; a $100 special
23 assessment and forfeiture.
24     Count Two alleges possession of device-making equipment in
25 violation of 18 United States Code Section 1029(a)(4).  The

1  maximum penalties for that offense are as follows:  Period of
2  up to 15 years in prison; a period of up to three years on
3  supervised release; a $250,000 fine; a $100 special assessment;
4  and forfeiture.
5      Count Three alleges using an unauthorized access device or
6  credit card in violation of 18 United States Code Section
7  1029(a)(2).  The penalties for that are up to ten years in
8  prison; up to three years on supervised release; a $250,000
9  fine, and a mandatory $100 special assessment.
10     And, finally, Count Four alleges aggravated identity theft
11 in violation of 18 United States Code Section 1028A.  The
12 maximum penalties for that are a mandatory two years in prison
13 on top of whatever else Mr. Alhaggagi may serve; a three-year
14 period of supervised release; a $250,000 fine; a mandatory $100
15 special assessment.
16     The last thing I will mention, with respect to the
17 penalties, is that because Mr. Alhaggagi is pleading open,
18 there is the possibility, at least, that these sentences could
19 all be served consecutively.
20         **THE COURT:**  And with respect to the aggravated
21 identity theft, actually, the law requires that it be served
22 consecutively?
23         **MR. HASIB:**  That's correct, Your Honor.
24         **THE COURT:**  Okay.
25     Do you understand all those penalties, sir?

1       **THE DEFENDANT:**  Yes, Your Honor.

2       **THE COURT:**  Okay.  Do you understand you have the
3  right to plead not guilty to any offense charged against you;
4  to persist in that plea you would then have the right to a
5  trial by jury; at trial you would be presumed to be innocent
6  the government would have to prove your guilt beyond a
7  reasonable doubt; you would have the right to assistance of
8  counsel for your defense, appointed by the Court if necessary
9  at trial and every other stage of the proceedings; the right
10 see and hear all the witnesses and have them cross-examined in
11 your defense; the right on your own part to decline to testify
12 unless you voluntarily elected to do so in your own defense;
13 and the right to compel the attendance of witnesses in your
14 defense?

15      **THE DEFENDANT:**  Yes.

16      **THE COURT:**  Do you understand that should you decide
17 not to testify or put on any evidence these facts cannot be
18 used against you?

19      **THE DEFENDANT:**  Yes.

20      **THE COURT:**  Do you further understand that by entering
21 a plea of guilty, if the plea is accepted by the Court, there
22 will be no trial and you will have given up your right to a
23 trial as well as the other rights associated with the trial as
24 I've just described them?

25      **THE DEFENDANT:**  Yes, Your Honor.

1      **THE COURT:**  What are the essential elements of the
2  offenses?
3      **MR. HASIB:**  Your Honor, Count One, the material
4  support charge, as I mentioned, alleges attempts to provide
5  material support.
6      The elements of attempt are that the defendant intended to
7  commit the crime of providing material support or resources to
8  a foreign terrorist organization; and that, two, he did
9  something that was a substantial step toward committing that
10 crime.
11     And the elements of the underlying offense of material
12 support are as follows:
13     Number one, the defendant provided material support or
14 resources to a foreign terrorist organization; the defendant
15 acted knowingly; the defendant knew that the terrorist
16 organization, in this case the Islamic State of Iraq and
17 Levant, or ISIL, also known as ISIS, the defendant knew that
18 that was a designated foreign terrorist organization or that it
19 had engaged in or was engaging in terrorist activity or
20 terrorism.
21     And, lastly, the government would have to prove that at
22 least one jurisdictional requirement is met among those, or
23 whether the defendant is a U.S. national, whether the offense
24 occurred in whole or in part in the United States, and whether
25 the offense occurred in or affected interstate or foreign

commerce.  That's Count One.

As to Counts Two, Three, and Four, the elements are as follows:

For Count Two possession of device-making equipment, there are three elements.  Number one, the defendant knowingly produced, trafficked in, had custody or control of, or possessed device-making equipment.  Number two, the defendant acted with intent to defraud.  And, number three, the defendant's conduct in some way affected interstate commerce or foreign commerce.

Count Three alleges use of an unauthorized access device.  The elements of that offense are as follows:

Number one, that the defendant knowingly used or trafficked in unauthorized access devices during a one-year period.  By using or trafficking those unauthorized access devices during that period the defendant obtained things of value worth more than $1,000.  Number three, the defendant acted with the intent to defraud.  And, number four, the defendant's conduct affected interstate commerce.

Lastly, for Count Four, the aggravated identity theft charge, the elements are as follows:

Number one, the defendant knowingly transferred, possessed, or used without legal authority a means of identification.  Number two, the defendant knew that the means of identification belonged to a real person.  Number three, the

1  defendant did so during and in relation to the crime of using
2  the counterfeit access device alleged in count three.
3     **THE COURT:** All right. Now, you've heard the
4  government recite the essential elements of each of the four
5  counts. Do you believe if the case went to trial the
6  government would have evidence which would prove beyond a
7  reasonable doubt each element of each offense?
8     **THE DEFENDANT:** Yes, Your Honor.
9     **THE COURT:** Now, turn, if you will, sir, to your
10 application for permission to enter a plea. And you see
11 attached to it is a document called Factual Basis. Do you see
12 that?
13    **THE DEFENDANT:** Yes.
14    **THE COURT:** And starting with the first page of it,
15 which on line 2 says "Count One, Attempted Material Support."
16 And it goes all the way through page 1, it goes through page 2,
17 and it goes to line 14 of page 3. Do you see where I'm looking
18 at?
19    **THE DEFENDANT:** Yes.
20    **THE COURT:** Did you look at and read and understand
21 what is said with respect to Count One?
22    **THE DEFENDANT:** I have.
23    **THE COURT:** Attempted material support.
24    **THE DEFENDANT:** Yes, Your Honor.
25    **THE COURT:** Did you read it carefully?

1          **THE DEFENDANT:**  Yes, sir.
2          **THE COURT:**  Is everything stated in that paragraph on
3   that -- on that count true and correct?
4          **THE DEFENDANT:**  Everything was true.
5          **THE COURT:**  Looking at Count Two, which starts on page
6   3, line 15, and goes through line 19, possession of
7   device-making equipment, did you read that paragraph carefully?
8          **THE DEFENDANT:**  Yes, Your Honor.
9          **THE COURT:**  Is everything stated there true and
10  correct?
11         **THE DEFENDANT:**  Everything is true and correct.
12         **THE COURT:**  In Count Three, which starts again on page
13  3, line 20 and goes through line 25, did you read that
14  carefully?
15         **THE DEFENDANT:**  I have.
16         **THE COURT:**  And was everything stated there true and
17  correct?
18         **THE DEFENDANT:**  It's true and correct.
19         **THE COURT:**  And Count Four, which starts on line 26 of
20  page 3, and it goes through line 7 of page 4, do you see that?
21         **THE DEFENDANT:**  Yes, I do.
22         **THE COURT:**  And did you read that paragraph carefully?
23         **THE DEFENDANT:**  I have.
24         **THE COURT:**  And is everything stated there true and
25  correct?

1     **THE DEFENDANT:** It's true and correct.

2     **THE COURT:** You may take the pleas.

3     **THE CLERK:** Mr. Amer Sinan Alhaggagi, the government
4  has filed an indictment charging you in Count One attempting to
5  provide material support to a terrorist organization in
6  violation of 18 U.S.C. Section, 2339B(a)(1); Count Two,
7  possession of device-making equipment, in violation of 18
8  U.S.C. Section 1029(a)(4); Count Three, using an unauthorized
9  access device in violation of 18 U.S.C. Section 1029(a)(2); and
10 Count Four, aggravated identity theft, in violation of 18
11 U.S.C. section 1028A(a)(1).

12    How do you plead to these counts, guilty or not guilty?

13    **THE DEFENDANT:** Plead guilty.

14    **THE CLERK:** Your Honor, the defendant has entered a
15 guilty plea.

16    **THE COURT:** It is the finding of this court that the
17 defendant is fully competent and capable of entering informed
18 pleas; that the defendant is aware of the nature of the charges
19 and the consequences of the pleas; and that the pleas of guilty
20 are knowing and voluntary pleas supported by an independent
21 basis in fact containing each of the essential elements of each
22 offense.  The pleas are, therefore, accepted.  The defendant is
23 now judged guilty of those offenses.

24    Ms. McNamara, what's your thought?

25    **MS. McNAMARA:** Thank you, Your Honor.

1        We would ask for one full day for sentencing in this case.
2   And let me spell out why.
3        As the Court has heard, the conduct that makes
4   Mr. Alhaggagi guilty of the material support charge, an attempt
5   to provide material support, is opening five Twitter accounts,
6   two Facebook accounts, and some Gmail accounts that were
7   necessary to authenticate those accounts as real accounts.
8        He did not post any messages in those accounts; although,
9   we now know through discovery that somebody else did.  We know
10  that that somebody else was a sympathizer, at the least, of
11  ISIS.  But what Mr. Alhaggagi did was simply open the accounts.
12       As the Court understands, sentencing must take into
13  account the full nature not only of the offense but also of
14  Mr. Alhaggagi's conduct.  And there is conduct in this case
15  that I think is going to be the subject of some dispute.  Not
16  that he didn't engage in it, but simply what did he mean by it.
17       And by that I mean Mr. Alhaggagi said some pretty
18  disturbing things online, things that suggested he may engage
19  in violence.  The FBI sent an undercover to attempt a sting
20  operation on him.  Mr. Alhaggagi did not, in fact, engage in
21  any of the conduct that the FBI suggested.  And he's not
22  charged with any of that.
23       But the question is, what did he mean by all of that?  We,
24  on the defense, wish to call an expert on radicalization and
25  terrorism who has examined Mr. Alhaggagi and has reviewed the

1  entirety of the discovery in the case, which is voluminous.  We
2  would like to ask him to testify.  And we anticipate that that
3  testimony would take in the neighborhood of half a day.
4      In addition, I would submit to the Court that it's
5  important that the Court has the full record here of the
6  evidence.  And we'd like to use the other half of that day to
7  just lay out to the Court everything that Mr. Alhaggagi did
8  here and have the Court have that in its consideration of what
9  the sentence ought to be.
10     So that is our request to the Court.  I don't think the
11 government has an objection to it but, of course, Mr. Hasib
12 will speak for himself.
13     It would, I think, enhance our ability to conduct a full
14 sentencing hearing to have, also, briefing to the Court before
15 we reach this point so that the Court will be fully informed
16 about what it's about to hear.
17     So with all of those considerations, I would suggest that
18 we have a day at the Court's discretion, if it's inclined to
19 grant this request, in November, preceded by simultaneous
20 opening sentencing briefs and then simultaneous reply
21 sentencing briefs.
22         **THE COURT:** Okay.
23         **MR. HASIB:** I am largely in agreement with everything
24 Ms. McNamara said.  I think it's worthwhile to have a full day
25 blocked out for sentencing.  We may not take that long, but I

1  think it's worth at least having that available so that the
2  Court can consider, as Ms. McNamara said, the voluminous facts
3  in this case.
4      I think the issue of the conduct with the undercover agent
5  is certainly going to be the subject of sentencing, as will the
6  issue of who was on the other end of the online communications
7  that Mr. Alhaggagi was having.
8      Ms. McNamara characterizes him as an ISIS sympathizer.  We
9  believe this is actually a real-live member of ISIS that
10 Mr. Alhaggagi was communicating with.  I suspect things of that
11 nature will be subject of the sentencing hearing.  And I think
12 the Court is entitled to listen to everything that it needs to
13 in order to reach its sentencing decision.
14          **THE COURT:**  Has your expert prepared a report?
15          **MS. McNAMARA:**  He has not, Your Honor.
16          **THE COURT:**  What is your intention with respect to his
17 testimony?  What I'm concerned about -- I don't know if
18 "concerned" is the right word, but I want the government to
19 have a full opportunity to cross-examine.
20     I'm sure you've had a lot of discussions about all of
21 this, so I don't know that anything comes as a surprise.  But I
22 really want -- I want to make sure that everybody is fully
23 engaged and fully informed.  So how do you propose to advise
24 the government as to the scope of your expert's -- it's opinion
25 testimony; right?

1          **MS. McNAMARA:**  Yes, it is.
2          **THE COURT:**  He's not a percipient witness?
3          **MS. McNAMARA:**  He's not.
4     We had been envisioning but I'm completely open to
5 suggestion on this point.
6          **THE COURT:**  Why doesn't he do what you would do in a
7 normal Rule 26 disclosure --
8          **MS. McNAMARA:**  Yes.
9          **THE COURT:**  -- and just write down -- the code is very
10 clear.  Just comply with that.
11         **MS. McNAMARA:**  Yes.
12         **THE COURT:**  Obviously, if the government wants to call
13 a rebuttal expert they're free to do so.  But they may not,
14 depending on -- on how the event goes.
15    So I just want to make sure that -- and you can agree how
16 much lead time there would be for you to have the opportunity
17 to have your expert comply with a disclosure.
18         **MR. HASIB:**  I appreciate that, Your Honor.  And I
19 think Ms. McNamara and I can work out a schedule.  We have had
20 a very cordial relationship thus far.
21         **THE COURT:**  I will set aside the day.
22         **MS. McNAMARA:**  Thank you.
23         **THE COURT:**  I just want to make sure that nobody is
24 sitting here saying, well, I didn't know.
25         **MS. McNAMARA:**  Of course, yes.

1    **MR. HASIB:**  I don't anticipate that will happen.

2    **THE COURT:**  Not with Ms. McNamara it wouldn't happen.

3    **MR. HASIB:**  We -- Ms. McNamara has identified the
4    witness to me.  We may yet object to him being called at all
5    depending on what we see in the discovery, but if that doesn't
6    happen he's certainly entitled to testify.

7    **THE COURT:**  Let me just give you my philosophy about
8    sentencing.  You put on whatever you want to put on.  I can
9    figure out what's important to the Court's decision; what isn't
10   important.

11   I just want to make sure that the government has a full
12   opportunity to be advised as to what it is.  They're not
13   subscribing to its accuracy, to its merits, to its relevance or
14   any of those things.  Doesn't make any difference.

15   You know, this is what advocacy is about.  But my general
16   philosophy about sentencing is anything anybody wants to say
17   that they think might be important.  And that goes, by the way,
18   on both sides.  Not only the defense but the government.

19   So with that, work out a schedule.

20   **MS. McNAMARA:**  We will.  Thank you.

21   **MR. HASIB:**  We will, Your Honor.

22   **THE COURT:**  I think we should do it November 20th.
23   What is that?  I could do it either the 19th or the 20th.  That
24   is Thanksgiving week.  But that's actually a rather good week
25   to make sure that --

1        **MS. McNAMARA:**  It is.

2        **THE COURT:**  Because I probably won't have a jury then
3   at that point.

4        **MS. McNAMARA:**  Right.  And we're happy to do that.
5   The only asterisk I'll put here is, we have not actually vetted
6   that day with our expert.  We will do so right away.  And we'll
7   communicate with the Court --

8        **THE COURT:**  I can do it either the 19th or 20th.  Why
9   don't you simply just advise my courtroom deputy as to which
10  day is preferable.

11       **MS. McNAMARA:**  We will.  Thank you, Your Honor.

12       **MR. HASIB:**  We will do that.

13       **THE COURT:**  Thank you.

14       **MR. HASIB:**  Thank you.

15       **MS. McNAMARA:**  Thank you.

16       **THE COURT:**  All right.

17      (At 2:38 p.m. the proceedings were adjourned.)

18                    CERTIFICATE OF REPORTER

19       I certify that the foregoing is a correct transcript
20  from the record of proceedings in the above-entitled matter.
21  DATE:   Friday, October 19, 2018

22

23

24              _____
              Katherine Powell Sullivan, CSR #5812, RMR, CRR
25                    U.S. Court Reporter